## Systems & Computer Technology Corporation v. International Education System

*Peter Barnes,* for plaintiff.
*Ronald Agulnick,* for defendants.

PITT, *J.,* August 18, 1976 — Systems and Computer Technology Corporation (hereinafter called "Systems"), plaintiff, filed complaint in equity against International Educational Systems (hereinafter called "IES"), Samuel J. Mongiello (hereinafter called "Mongiello"), and David E. Palmer (hereinafter called "Palmer"), defendants, seeking, inter alia, injunctive relief. Pursuant to the Rules of Civil Procedure, we granted a temporary restraining order and conducted an evidentiary hearing three days later. At the conclusion of that hearing on June 11, 1976, we continued the temporary restraining order in effect until final equity hearing. Defendants filed appeal to the Superior Court of Pennsylvania and, in response to an application for reconsideration under Pa. R.A.P. 1701(b)(3), we ordered reargument of the matter on July 26, 1976. Following said reargument, we make this writing upon reconsideration.

The principal claims for relief by Systems center upon two issues. It is urged that the testimony produced before this court demonstrates unfair competition and that this court's power should be used to enjoin that conduct. In short, the evidence indicated that Mongiello and Palmer, the principals of IES, were embarking upon a business venture that

was highly competitive with their former employer, Systems. Those individuals were in the process of attempting to negotiate a contract with University of Petroleum and Minerals in Saudi Arabia. A similar contractual relationship with that educational institution is also desired by Systems. It is clear that a sales brochure prepared by IES and forwarded in pursuit of the contractual aspirations had a striking similarity to a similar brochure of Systems and could not have resulted from chance. The testimony leads us to conclude that IES, should its contractual endeavors be successful, will have grave difficulties in fulfilling the bargain. On this evidence then, we must consider whether the activities of IES should be enjoined pending final equity hearing on the theory of unfair competition. Absent the use of confidential material, the law withholds relief: Trilog Associates, Inc. v. John D. Famularo, 455 Pa. 243, 314 A. 2d 287 (1974). The brochure was not, by any view of this evidence, confidential in nature.

Covenants not to compete are enforceable with reasonable limitation. The employment contracts here in question impose time restrictions but lack reasonable restrictions as to geographical extent. The equity court cannot use them to enjoin contract negotiations with an institution located half way around the world. See Bettinger v. Carl Berke Assoc., Inc., 455 Pa. 100, 314 A. 2d 296 (1974).

Upon this reconsideration and though we believe that the business practices of defendants, Mongiello and Palmer leave much to be desired, we believe that our order of June 11, 1976, was in error and we, therefore, must vacate same. And so we enter the following

## ORDER

And now, August 18, 1976, for the reasons hereinabove set forth, the order of this court dated June 11, 1976, continuing the temporary restraining order dated June 7, 1976, and the said temporary restraining order of June 7, 1976, are hereby vacated.